# THE ATTORNEY GENERAL
## OF TEXAS



WAGGONER CARR
ATTORNEY GENERAL

November 23, 1965

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C-551

Re: Whether the funds appropriated to the Health Department may be expended for transportation, meals and lodging for personnel attending schools, clinics or conferences when leave from regular duties exceed thirty (30) calendar days.

Dear Mr. Calvert:

Your recent letter requests the opinion of this office on the above captioned matter, from which we quote in part:

"The question has arisen as to the correct application of two provisions found in H.B. #12, Acts of the 59th Legislature. Each provision is found in Article II of this Act.

". . .

"Please advise if the funds appropriated to the Health Department may be expended for transportation, meals and lodging for personnel attending schools, clinics, or conferences when leave from regular duties exceed thirty (30) calendar days.

"A letter setting out the position of the Health Department is enclosed."

The provisions of the General Appropriations Act (House Bill 12, Acts of the 59th Legislature, Regular Session, 1965) under which you state the question has arisen are as follows:

"It is further provided that a program of non-accredited training of departmental employees and others in cooperative public health activities is authorized from funds appropriated herein in order to keep such individuals abreast of current trends

-2662-

and developments in public health. Training stipends may be paid to these individuals when Federal funds are granted to the Department for this purpose. In addition, a program of accredited training is authorized to be financed from Federal funds herein appropriated, but not to exceed ten departmental employees for each fiscal year."

". . .

"e. Personnel training. At the discretion of the respective governing boards, employees may be allowed a reasonable time without loss of salary to attend recognized schools, clinics, or conferences, for training purposes. Any regular registration fee may be paid out of appropriated funds. No funds herein appropriated may be expended for transportation, meals or lodging for such personnel attending schools, clinics or conferences when leave from regular duty exceeds thirty (30) calendar days. If any such leave from regular duty shall exceed thirty (30) calendar days, the employee may be paid not to exceed fifty per cent (50%) of his regular salary and shall receive no emoluments for himself or his family during such leave for training purposes."

From the letter of the Health Department, attached to your request, it is stated that there is in existence an agreement with the Federal Government whereby Federal funds are made available to the Department of Health, which contains the following provision:

"Federal funds will be used for the payment of training stipends, tuition and fees, and travel expenses for trainees who are receiving accredited training."

House Bill No. 12, Acts of the 59th Legislature, Regular Session, 1965, contains further provisions which are germane to the question raised, in that we are concerned with both State and Federal funds. Article V, Sections 27 and 28 of the Act appropriates the Federal funds and stipulates the conditions under which such funds may be expended.

"Sec. 27. FEDERAL FUNDS APPROPRIATED FOR USE. Any funds received by the agencies of the State named in this Act from the United States Government

are hereby appropriated to such agencies for the purposes for which the Federal grant, allocation, aid or payment was made, subject to the provisions of this Act. Within thirty (30) days after the receipt of any such Federal grants, allocations, aid or payments, the amounts thereof and the purposes for which they were made shall be reported to the Governor and the Legislative Budget Board.

"Sec. 28. FEDERAL CONTRACTS AND AGREEMENTS. None of the Federal funds appropriated for use by the terms of this Act may be expended pursuant to a contract or agreement with the Federal Government unless and until the appropriate State agency has filed a copy of such contract or agreement with the Secretary of State for recording. Provided, however, that copies of research contracts classified in the interest of National Security shall not be filed, but in lieu thereof a statement that such a contract has been made shall be filed."

In addition, immediately following the appropriation to the Department of Health, the Act contains the following provision:

"The appropriations herein made may be used to match Federal funds granted to the State for the payment of personal services, and other necessary expenses in connection with the administration and operation of a State program of public health services. The State Board of Health is hereby authorized to receive and disburse in accordance with plans acceptable to the responsible Federal agency, all Federal monies that are made available (including grants, earnings, allotments, refunds and reimbursements) to the State for such purposes, and to receive, administer, and disburse Federal funds for Federal regional programs in accordance with plans agreed upon by the Department of Health and the responsible Federal agency, and such other activities as come under the authority of the State Board of Health, and such monies are appropriated to the specific purpose or purposes for which they are granted, or otherwise made available."

It is a cardinal rule of construction that all language and every part of a statute shall be given effect if reasonably possible. In other words, effect and meaning should be given to

Hon. Robert S. Calvert, page 4 (C-551)

each and every sentence, clause, phrase and word of the Act as nearly as this can be done, consistently with the objective purpose and intent of the legislature. Banks v. State, 28 Tex. 644 (1866); Eddins-Walcher Butane Company v. Calvert, 156 Tex. 587, 298 S.W.2d 93 (1957) reh. den.; 53 Tex.Jur.2d. 227, Statutes, Sec. 159. Pursuant to this rule, a court that is called upon to interpret a statute will consider, examine, read and view the Act in its entirety and will seek to harmonize all of its parts, if possible, according to the evident intent of the Legislature.

Because we are here dealing with funds derived from two sources, State and Federal, your question is twofold.

Therefore, applying the above rule to the situation under consideration, we are of the opinion that the legislature intended for the funds received by the Department of Health from the Federal Government to be expended in the manner and for the purposes and the reasons set forth in the agreement between the Department of Health and the Federal Government. As has been earlier held by this office, funds received by a State agency for a specific purpose from the Federal Government, are "trust or special" funds and must be expended in accordance with the terms of the agreement under which the funds were received. Attorney General's Opinions C-474 and C-530 (1965).

We are of the further opinion that the legislature intended that the State funds appropriated to the Health Department for personnel training to be expended in accordance with Article II, Section 2 (e) above quoted.

### SUMMARY

Federal "trust" funds appropriated to the Health Department may be expended for transportation, meals and lodging for personnel attending schools, clinics or conferences when leave from regular duties exceed thirty (30) calendar days in accordance with the agreement under which the funds are received; however, State derived funds appropriated to such department for personnel training may not be expended for this purpose other than in accordance with Article II, Section 2(e) of the General Appropriations Act (1965).

Yours very truly,

WAGGONER CARR
Attorney General

By: J. Phillip Crawford
Assistant

JPC:ra:sj

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
J. C. Davis
Kerns Taylor
W. E. Allen
Dean Arrington

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright